GLD-223                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1188
_____

DERRICK GODFREY,
                    Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
LARRY THOMPSON;
JULIO M. ALGARIN, Assistant Warden;
FRANCIS J. BERNHARDT;
GREGORY NESTOR, In his personal capacity;
JESSE KING;
EILEEN WHALON BEHRL, In her personal capacity;
JUSTIN JAMES BOEHRET;
PIETRO ANGELO;
WILLIAM J. CARPENTER;
CHARLES S. NABER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-5549)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed:  May 15, 2013)
_____

OPINION
_____

PER CURIAM

Derrick Godfrey appeals from the District Court's order dismissing his complaint. For the following reasons, we will dismiss the appeal as frivolous.

## I.

Godfrey, who at the time was imprisoned at the Montgomery County Correctional Facility, brought a civil action under 42 U.S.C. § 1983 in the Eastern District of Pennsylvania against the Commonwealth of Pennsylvania and several individual defendants. Godfrey alleged that Defendants committed various constitutional violations by arresting, prosecuting and imprisoning him, by taking his property, by denying him bail, and by conspiring against him.

Acting pursuant to its authority under 28 U.S.C. § 1915(e), the District Court dismissed without prejudice Godfrey's initial amended complaint for failure to state a viable claim. Godfrey filed a second amended complaint, which the District Court dismissed with prejudice, determining that, again, he failed to state a viable claim. Godfrey timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as it lacks an arguable basis either in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Godfrey's second amended complaint, like his first, was chock-full of legal conclusions couched as factual allegations, making it profoundly difficult to decipher exactly his claims.[1] At first blush, it appears that he alleged that Defendants' mere acts of arresting, prosecuting, and imprisoning him were unconstitutional. Godfrey claimed, for instance, that he was unlawfully seized when Defendant Thompson stopped him, removed him from his vehicle, handcuffed him, and accused him of committing a crime. He did not state how this amounted to anything other than a routine arrest. Without more, these allegations do not state a viable claim. See Iqbal, 556 U.S. at 678.

To the extent that Godfrey's claims were for *false* arrest and imprisonment, and *malicious* prosecution, he needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested. See Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988); Lightning Lube, Inc. v.

---

[1] In its initial screening of Godfrey's first amended complaint, the District Court properly dismissed with prejudice the claims Godfrey brought under various federal criminal statutes, as there is no federal right to require the government to initiate criminal proceedings. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). The District Court also properly dismissed the Commonwealth as a defendant. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 71 (1989).

3

Witco Corp., 4 F.3d 1153, 1197 (3d Cir. 1993).[2]  Tellingly, he did not.  Rather, he alleged only that Defendants "constructed an affidavit of probable cause … which was given to [Godfrey] as a means to trick him into believing that his rights [were not] being violated and that he [had] been arrested by such information and should accept … being placed in servitude."  (Pls.' Second Am. Compl. 2.)  Accordingly, Godfrey's allegations did not support claims of false arrest, false imprisonment, and malicious prosecution.  See Iqbal, 556 U.S. at 678.

Finally, Godfrey claimed that Defendants conspired to imprison him unlawfully. To demonstrate the existence of a conspiracy under § 1983, he needed to show that two or more conspirators reached an agreement to deprive him of a constitutional right under color of law.  See Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir. 1993), abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Twp. Of Warrington, 316 F.3d 392 (3d Cir. 2003).  Not only did he fail to point to facts suggesting that his arrest, imprisonment, or prosecution were unconstitutional, he also failed to allege facts plausibly suggesting an illicit agreement.  He simply stated, for instance, that Defendants conspired to "keep [him] physically restrained in servitude."  (Pls.' Second

_____

[2] The record does not reveal whether Godfrey was convicted of anything as a result of this particular arrest.  If he was, some of his claims would be barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  See Wallace v. Kato, 549 U.S. 384, 393-94 (2007); Wilkins v. DeReyes, 528 F.3d 790, 801 n.6 (10th Cir. 2008) ("[T]he Heck favorable termination requirement does not apply to false arrest claims in the absence of an existing conviction….").

4

Am. Compl. 2.)  Therefore, he did not state a viable claim of conspiracy.  See Iqbal, 556

U.S. at 678.

For the reasons given, we agree with the District Court's determination and we

will dismiss Godfrey's appeal as legally frivolous pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i)[3]  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[3] Under the circumstances, including Godfrey's repeated attempts to amend, the District Court need not have offered Godfrey an additional opportunity to amend his allegations.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).